IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANN B. SEMPLE, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:17-cv-1560-M (BT) | |
| § | | |
| DESOTO POLICE DEPT., ET AL., § | | |
| Defendants. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the District Court, this case has been referred to the United States magistrate judge. The Findings, Conclusions, and Recommendation of the Magistrate Judge follow:

I.

Plaintiff, proceeding *pro se*, filed a civil rights complaint on June 12, 2017. On July 3, 2017, the Court sent Plaintiff a Magistrate Judge's Questionnaire seeking additional information regarding her claims. (ECF No. 7.) Plaintiff failed to respond to the Questionnaire, and on October 10, 2017, the District Court dismissed the complaint for want of prosecution under Fed. R. Civ. P. 41(b).

On December 20, 2017, Plaintiff filed a motion to set aside the dismissal and reopen this case (ECF No. 13), and on December 29, 2017, she filed an amended motion to set aside the dismissal (ECF No. 14). In her motions, Plaintiff states she was involved in an accident that caused her to be immobile for

1

several months. She also claimed she did not receive notice of the dismissal of her complaint, and that she only learned of the dismissal when she visited the Clerk's Office on December 20, 2017.

On January 31, 2018, in response to Plaintiff's motions to reopen, the Court re-sent the Magistrate Judge's Questionnaire to Plaintiff. The Questionnaire stated that Plaintiff's response was due thirty days from the date of the Order. Plaintiff did not respond to the Questionnaire. Instead, on March 2, 2018, Plaintiff filed a motion for leave to amend her complaint to add a defendant (ECF No. 17). On March 26, 2018, the Court again sent Plaintiff the Magistrate Judge's Questionnaire and ordered her to respond to the Questionnaire within thirty days. Plaintiff has never responded to the Magistrate Judge's Questionnaire.

## II.

Under Rule 60(b)(6), the Court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Here, although Plaintiff states she did not receive notice of the dismissal of her case, and that she was immobile due to an accident, she has given no reason for her persistent failure to respond to the Magistrate Judge's Questionnaire. Plaintiff has failed to demonstrate that any mistake, inadvertence, surprise, or excusable neglect prevented her from providing the Court with the information sought by the Questionnaire, which information is necessary for the Court to determine whether the case should be allowed to proceed. Plaintiff further has not shown that any other reason justifies relief from the judgment dismissing her lawsuit for want of prosecution. Plaintiff has never submitted verified responses to the Magistrate Judge's Questionnaire. By failing to provide the information sought by the Questionnaire, Plaintiff has prevented this action from proceeding. Plaintiff has thus failed to show she is entitled to relief under Fed. R. Civ. P. 60(b).

Because Plaintiff is not entitled to have the dismissal set aside or the case reopened, she is not entitled to file an amended complaint.

III.

The Court recommends that Plaintiff's Motion to Set Aside Dismissal and Reopen Case, (ECF No. 13), Amended Motion to Set Aside Dismissal and Reopen Case, (ECF No. 14), and Motion for Leave to File an Amended Complaint, (ECF No. 17), be DENIED.

Signed May 9, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).